IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:09-1067-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Alvaro Ezequeil Alas, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Alvaro Ezequeil Alas' ("Alas") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons that follow, the court summarily dismisses Alas' motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

Alas, along with co-defendants Leon Hyestos ("Hyestos") and Quinton Terrell Wright ("Wright"), was arrested in July 2009 after state and federal law enforcement officers used a confidential informant to infiltrate a drug conspiracy operating in upstate South Carolina. (Alas § 2255 Mot. 8-9.) Over the course of three months, a confidential informant observed Wright purchase four-and-a-half kilograms of cocaine from Alas, which Wright used to manufacture crack cocaine. (Presentence Investigation Report ("PSR") ¶ 23; Plea Tr. 31-32.) Confidential informants thereafter made two controlled purchases of crack cocaine from Wright on May 12 and 19, 2009, and he was arrested on July 18, 2009. (PSR ¶¶ 17, 18.) Six days later, a confidential informant arranged to purchase one kilogram of cocaine from Alas. (Id. ¶ 19.) The confidential informant advised officers that the drugs would be delivered by Hyestos, who was considered an employee of Alas and who transported drugs in furtherance of the conspiracy. (Id.

1

¶ 19.) Hyestos arrived at the agreed upon location driving a vehicle registered to Alas. (Id. ¶ 21.) Alas also arrived at the location in a different vehicle. (Id.) The officers arrested Alas and Hyestos and found .979 kilograms of cocaine in the vehicle driven by Hyestos. (PSR ¶ 21.)

Wright cooperated with the Government following his arrest, and on February 24, 2010, he confessed to purchasing between 140 and 150 kilograms of cocaine from Alas between October 2008 and July 2009. (PSR ¶ 24.) On February 23, 2010, Alas pled guilty to Count One of the superceding indictment, charging Alas with entering into a conspiracy with Hyestos and Wright to possess with the intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base. Alas was sentenced on July 6, 2010, to a 224-month term of imprisonment. Alas appealed his sentence, and the Fourth Circuit affirmed his conviction and sentence. United States v. Alas, No. 10-4839, 2011 WL 2550345, at *1 (4th Cir. June 28, 2011) (unpublished).

Alas presents two principal arguments in support of his claim for federal habeas relief. First, he argues that his counsel was constitutionally ineffective for advising him to plead guilty, contending (1) that a mutual agreement to distribute drugs was lacking because Wright served as an informant for the government and (2) the evidence demonstrated that Alas and Wright had a mere buyer-seller relationship rather than a conspiratorial one. Second, he challenges the court's application of a two-level leadership role sentencing enhancement under United States v. Booker, 553 U.S. 220 (2005). Because both arguments are patently without merit, the court summarily dismisses Alas' § 2255 motion.

## II. Discussion of the Law

To successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Alas must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, one must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because Alas tendered a guilty plea, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### A. Insufficient Evidence to Support Conspiracy

Alas argues that his counsel was constitutionally ineffective for advising him to plead guilty because there is no evidence that he conspired to distribute drugs. Specifically, Alas alleges that (1) Wright was an informant for the government and could not supply the necessary agreement to form a conspiracy and (2) the evidence demonstrated that Alas and Wright had a mere buyer-seller relationship rather than a conspiratorial one.[1]

The crime of conspiracy is based upon an agreement among two or more persons to execute a criminal plan. United States v. Laughman, 618 F.2d 1067, 1074 (4th Cir. 1980). "Thus, if the object of the offense is the distribution through a sale of cocaine, as prohibited in

---

[1] Alas relies upon these same arguments to contend that he is actually innocent of the conspiracy conviction. As set forth below, Alas' claims fail on the merits and therefore he is not entitled to relief under either of his alternative theories.

21 U.S.C. § 841(a), a conspiracy to commit the distribution offense must involve an agreement separate from the immediate distribution conduct that is the object of the conspiracy." United States v. Edmonds, 679 F.3d 169, 173-74 (4th Cir. 2012). The Government may prove conspiracy through circumstantial evidence, such as the "existence of a tacit or mutual understanding between conspirators." United States v. Ellis, 121 F.3d 908, 922 (4th Cir. 1997) (internal quotation marks omitted). Although a mere buy-sell transaction alone is insufficient to establish a conspiratorial relationship, "a continuing buy-sell relationship when coupled with evidence of large quantities of drugs . . . creates a reasonable inference of an agreement." United States v. Hackley, 662 F.3d 671, 679 (4th Cir. 2011). Finally, because conspiracy is premised upon an agreement to commit an unlawful act, an undercover government agent or government informant cannot supply the necessary "agreement" to form a conspiracy. United States v. Lewis, 53 F.3d 29, 33 (4th Cir. 1995).

Alas' contention that a mutual agreement to distribute drugs was lacking because Wright served as a government informant is without merit. Alas alleges that Wright became an informant for the government after he was arrested, which occurred six days prior to the arrests of Alas and Hyestos. (Alas § 2255 Mot. 8-9, 15.) He further alleges that Wright participated with law enforcement officers in the July 24, 2009 controlled drug transaction during which Alas and Hyestos were arrested. (Id. at 8-10.) However, even accepting these allegations as true, statements Wright made to the government concerning his relationship with Alas prior to becoming an alleged government informant are evidence of a conspiracy. Edmonds, 679 F.3d at 175. During his confession, Wright recounted his ongoing relationship with Alas prior to becoming an alleged government informant, and he confessed to purchasing at least 140

4

kilograms of cocaine from Alas between October 2008 and July 2009. (PSR ¶ 24.) Wright's confession demonstrated a continuous agreement between Alas and Wright under which Alas would regularly supply Wright's crack cocaine distribution operation. Furthermore, during Alas' Rule 11 hearing, the Government summarized the defendants' drug distribution operation, stating that a confidential informant "personally observed Wright purchase[] four[-]and[-]a[-]half kilograms of cocaine from Alas on separate occasions. Wright continued to buy kilogram quantities of cocaine from Alas over the next few months and he would buy the cocaine and manufacture crack cocaine well in excess of 50-grams." (Plea Tr. 31-32.) Alas agreed with the Government's summary of the facts and admitted that, as charged in Count One of the superceding indictment, he entered into an unlawful conspiracy to possess with the intent to distribute five kilograms or more of cocaine and fifty kilograms or more of cocaine base. (Id. at 32.) Alas and Wright's continuing relationship coupled with the substantial quantity of drugs supports a finding of a conspiratorial relationship rather than a mere buyer-seller relationship. United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008) ("[E]vidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial quantities of drugs."). Based on the foregoing, Alas is unable to show that his counsel was constitutionally ineffective for advising him to plead guilty.

**B. Sentencing Enhancement**

Alas argues that his counsel was constitutionally ineffective for failing to challenge the court's application of a two-level leadership role sentencing enhancement. This argument also fails on the merits.

A district court may impose a two-level enhancement against a defendant based upon a

5

finding that the defendant acted as "an organizer, leader, manager, or supervisor" of the conspiracy. United States Sentencing Guideline § 3B1.1(c). Alas contends that the court's imposition of such an enhancement, based upon facts not found by a jury, violated his rights under United States v. Booker, 543 U.S. 220 (2005), which held that the federal sentencing guidelines' mandatory scheme violated the Sixth Amendment because it provided for sentencing enhancements based upon facts found by the court. However, the rule after Booker is "that the Guidelines must be advisory, not that judges may find no facts." United States v. Benkahla, 530 F.3d 300, 311 (4th Cir. 2008). Because the court made its determination of the leadership role enhancement under an advisory guidelines calculation, there was no Booker violation.

Because Alas' claims fail on the merits, he is unable to demonstrate that his counsel rendered constitutionally ineffective assistance.

It is therefore

**ORDERED** that Alas' § 2255 motion, docket number 200, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Alas has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
August 2, 2012

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.